IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
**SEP 13 2010**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>1333 North Oracle Road<br>Tucson, Arizona 85705,<br><br>Plaintiff,<br><br>v.<br><br>KEN SALAZAR,<br>Secretary of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br><br>and<br><br>UNITED STATES FISH AND WILDLIFE SERVICE,<br>1849 C Street N.W.<br>Washington, D.C. 20240,<br><br>Defendants. | COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF<br><br><br><br>Case: 1:10-cv-01536<br>Assigned To : Roberts, Richard W.<br>Assign. Date : 9/13/2010<br>Description: Admin. Agency Review |

## I. INTRODUCTION

1. This lawsuit concerns the failure of the U.S. Fish and Wildlife Service to issue a final rule or rules listing three species, the Georgia pigtoe mussel (*Pleurobema hanleyianum*), interrupted rocksnail (*Leptoxis foremani*), and rough hornsnail (*Pleurocera foremani*) as threatened or endangered under the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA"). Each of these species is at risk of extinction due to habitat degradation and destruction, climate change, and other threats. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") challenges the Secretary of the Interior KEN SALAZAR and the UNITED STATES FISH AND WILDLIFE SERVICE (collectively "the Secretary" or "the Service") over violations of Section 4 of the Endangered Species Act for the Secretary's failure to issue the final rule(s) within the statutorily dictated timeframe. 16 U.S.C. § 1533(b)(6)(A)(i).

2. The Center brings this lawsuit to enforce the ESA's mandatory one year deadline to publish in the Federal Register a final regulation implementing the Service's determination on the agency's proposed listing of the Georgia pigtoe mussel, interrupted rocksnail, and rough hornsnail as endangered under the ESA. Plaintiff seeks an order declaring that Defendants' failure to comply with their statutorily-mandated duty to issue the final rule(s) for the three species a violation of the ESA and the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"). Plaintiff further seeks an order requiring the Secretary to publish the final rule(s) by a date certain.

## II.    JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 16 U.S.C. §§ 1540(c) & (g) (action arising under the ESA and citizen suit provision), 5 U.S.C. § 702 (right of review under the Administrative Procedure Act ("APA"), 28 U.S.C. § 1346 (action against the United States); 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his or her duty); and 28 U.S.C. §§ 1331 (federal question), 2201 (declaratory relief), and 2202 (injunctive relief).

4. As required by 16 U.S.C. § 1540(g), the Center provided the Secretary with written notice of the violations alleged herein more than 60 days prior to commencement of this action – on July 2, 2010. Despite such notice, the Secretary has failed to remedy the ESA violations, and therefore an actual controversy exists within the meaning of 28 U.S.C. § 2201(a).

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A).

## III. PARTIES

6. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a non-profit 501(c)(3) corporation with offices in Washington D.C. and elsewhere in the United States. The Center works through science, law and policy to secure a future for all species hovering on the brink of extinction. The Center's members and staff are actively involved in species and habitat protection throughout the United States, including protection of the Georgia pigtoe mussel, interrupted rocksnail, and rough hornsnail. The Center has over 43,000 members throughout the United States and the world. The Center brings this action on its own behalf and on behalf of its adversely affected members and staff.

7. The Center's members and staff include numerous individuals with a broad range of scientific, professional, educational, recreational, aesthetic, moral and spiritual interests in the Georgia pigtoe mussel, interrupted rocksnail, and rough hornsnail. In addition, the Center's members and staff continuously enjoy the biological, scientific, research, educational, conservational, recreational and aesthetic values of the habitat of the petitioned species. The Center's members and staff observe and attempt to observe the Georgia pigtoe mussel, interrupted rocksnail, and rough hornsnail. The Center's use and enjoyment of the Georgia pigtoe mussel, interrupted rocksnail, and rough hornsnail and their habitat are dependent on the existence of healthy and sustainable populations of the proposed species in the wild.

8. Recognizing that the Georgia pigtoe mussel, interrupted rocksnail, and rough hornsnail are at serious risk of extinction due to habitat degradation and destruction, climate change and other impacts, the Service issued a proposed rule to list these species as endangered under the ESA on June 29, 2009. However, the Service has yet to promulgate final rule(s) listing the species. Unless the proposed species are promptly protected under the ESA, the Georgia

pigtoe mussel, interrupted rocksnail, and rough hornsnail are likely to continue to decline and become extinct. Therefore, the Center's members and staff are injured by the Secretary's failure to prepare a timely final rule listing the species under the ESA, and designating critical habitat for the Georgia pigtoe mussel, interrupted rocksnail, and rough hornsnail. These injuries are actual, concrete, and imminent. The Secretary's failure to comply with the ESA's deadlines for promulgating a final rule deprives these species of statutory protection vital to their survival. The relief requested will fully redress the injury.

9. Defendant KEN SALAZAR is the Secretary of the Interior and is sued in his official capacity. Mr. Salazar has the ultimate responsibility to enforce and implement the ESA. Secretary Salazar has the authority and ability to remedy the harm inflicted by the Service's actions and inactions.

10. Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior tasked with protection of terrestrial species. Through delegation of authority from the Secretary, the Service administers and implements the ESA for terrestrial species. The Service has responsibility under the ESA over the species which are the subject of this action. The Service has failed to take required action with regard to the petitions, and has failed to meet the statutorily-mandated deadline for promulgating a final rule for the listing of the Georgia pigtoe mussel, interrupted rocksnail, and rough hornsnail.

## IV. LEGAL BACKGROUND

11. Congress enacted the ESA "to provide a program for the conservation of ... endangered species and threatened species" and "a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved." 16 U.S.C. § 1531(b). A "species" includes "any subspecies of fish, wildlife, or plants" or "any distinct population

segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16). The statute defines a species as "endangered" if it is in "danger of extinction throughout all or a significant portion of its range" and "threatened" if it is "likely to become an endangered species within the foreseeable future ...." 16 U.S.C. §§ 1532(6), (20).

12. Once a species is listed by the Secretary as threatened or endangered, various statutory protections apply. For example, section 7 of the ESA requires all federal agencies to "insure" that their actions neither "jeopardize the continued existence" of any listed species nor "result in the destruction or adverse modification" of a species' critical habitat. 16 U.S.C. § 1536(a)(2). Section 9 of the ESA prohibits, among other things, "any person" from intentionally taking listed species or incidentally taking listed species without a permit from the Secretary. 16 U.S.C. §§ 1538(a)(1)(B), 1539. Other provisions of the ESA require the Secretary to "develop and implement" recovery plans for listed species, 16 U.S.C. § 1533(f), authorize the Secretary to acquire land for the protection of listed species, 16 U.S.C. § 1534, and make federal funds available to states to assist in their efforts to preserve and protect threatened and endangered species, 16 U.S.C. § 1535(d).

13. To ensure the timely protection of imperiled species, Congress set forth a detailed process whereby citizens may petition the Secretary to list a species as endangered or threatened. The process includes mandatory, non-discretionary, deadlines that the Secretary must meet, so that species in need of protection do not languish in administrative purgatory. The three required findings, described below, are the 90-day finding, the 12-month finding, and the final listing determination.

14. Upon receipt of a listing petition, the Secretary, through the Service, must "to the maximum extent practicable" within 90-days make an initial finding as to whether the petition

"presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A). If the Service finds that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected and the process ends.

15. If, however, the Service determines that a petition does present substantial information indicating that listing may be warranted, the Service must conduct a full scientific review of the species' status. 16 U.S.C. § 1533(b)(3)(A). Upon completion of this status review, and within 12 months from the date that he received the petition, the Service must make one of three findings: (1) listing is not warranted; (2) listing is warranted; or (3) listing is warranted, but is presently precluded by other pending proposals for listing species, provided certain circumstances are present. 16 U.S.C. § 1533(b)(3)(B). The 12-month deadline for making this finding is mandatory. No mechanism exists by which the Secretary can extend the deadline for making his 12-month finding.

16. If the Service's 12-month finding concludes that listing is warranted, the Service must then publish notice of the proposed regulation to list the species as threatened or endangered in the Federal Register for public comment. 16 U.S.C. § 1533(b)(3)(B)(ii). Within one year of the publication of the proposed regulation, the Service must render a final determination on the proposal. 16 U.S.C. § 1533(b)(6)(A). At such time, the Service must either list the species, withdraw the proposed listing rule or, if there is substantial disagreement about scientific data, delay a final determination for up to six months to solicit more scientific information. 16 U.S.C. §§ 1533(b)(6)(A)(i), 1533(b)(6)(B)(i).

17.     It is critical that the Secretary and the Service scrupulously follow the ESA's listing procedures and deadlines if species are to be protected in a timely manner, because the ESA does not protect a species until it is formally listed as either endangered or threatened.

## V. FACTUAL BACKGROUND

### A.     The Georgia Pintoe Mussel

18.     The Georgia pigtoe mussel is a rare mussel endemic to the Coosa River drainage within the Mobile River Basin of Alabama, Tennessee, and Georgia. The Georgia pigtoe mussel historically occurred in portions of the Coosa River and its tributaries, but has been lost from more than 90 percent of its historic range due to habitat destruction related to dams and other factors. The Georgia pigtoe mussel is now known to exist in only a 27 mile stretch of the Upper Conasauga River in two Georgia counties and one Tennessee county. The Georgia pigtoe mussel is threatened by habitat loss, dams, point and non-point source pollution, climate change, limited water quantity, and impaired water quality.

19.     The Georgia pigtoe mussel was first recognized as a candidate species for protection under the ESA in 1999. On June 29th, 2009, the Service proposed listing the Georgia pigtoe mussel as endangered under the ESA. 74 Fed. Reg. 31113 (June 29, 2009). The Service also proposed designation of 95 river miles (153 km) as critical habitat for the Georgia pigtoe mussel. *Id.* On February 10, 2010 the Service issued the Draft Economic Analysis for the listing of the Georgia pigtoe mussel and re-opened the public comment period on the proposed rule, but did not notice that the one year deadline for publication of the final rule was being extended on the basis of substantial scientific disagreement. 75 Fed. Reg. 6613 (February 10, 2010). The Secretary has failed to promulgate the final rule within one year of publication of the proposed listing, and is therefore in violation of the ESA.

20.     By letter dated July 2, 2010, the Center notified the Secretary that he was in violation of Section 4 of the ESA, 16 U.S.C. §§ 1533(b)(6)(A)(i), by failing to publish a final listing rule within one year of publication of the proposed rule listing the Georgia pigtoe mussel as endangered, as required by the ESA. To date, the Secretary has yet to publish the final rule.

### B.     The Interrupted Rocksnail

21.     The interrupted rocksnail is endemic to the Coosa River drainage within the Mobile River Basin of Alabama, Tennessee, and Georgia. The interrupted rocksnail historically occurred in portions of the Coosa River and its tributaries, but has been lost from more than 90 percent of its historic range due to habitat destruction related to dams and other factors. The interrupted rocksnail is currently known to exist in only a 7.5 mile stretch of the Oostanaula River. Only a few individuals from an effort to reintroduce the interrupted rocksnail to the Coosa River were observed in subsequent years. The interrupted rocksnail is threatened by habitat loss, dams, point and non-point source pollution, climate change, limited water quantity, and impaired water quality.

22.     The interrupted rocksnail was first recognized as a candidate for protection under the ESA in 1991. On June 29th, 2009, the Service proposed listing the interrupted rocksnail as endangered under the ESA. 74 Fed. Reg. 31113 (June 29, 2009). The Service also proposed designation of 63 river miles (101 km) of critical habitat for the interrupted rocksnail. *Id.* On February 10, 2010 the Service issued the Draft Economic Analysis for the listing of the interrupted rocksnail and re-opened the public comment period on the proposed rule, but did not notice that the one year deadline for publication of the final rule was being extended on the basis of substantial scientific disagreement. 75 Fed. Reg. 6613 (February 10, 2010). The Secretary

has failed to promulgate the final rule within one year of publication of the proposed listing, and is therefore in violation of the ESA.

23. By letter dated July 2, 2010, the Center notified the Secretary that he had violated Section 4 of the ESA, 16 U.S.C. §§ 1533(b)(6)(A)(i), by failing to publish a final listing rule within one year of publication of the proposed rule listing the interrupted rocksnail as endangered, as required by the ESA. To date, the Secretary has yet to publish the final rule.

C.   **The Rough Hornsnail**

24. The rough hornsnail is endemic to the Coosa River drainage within the Mobile River Basin of Alabama, Tennessee, and Georgia. The rough hornsnail historically occurred in portions of the Coosa River and its tributaries, but has been lost from more than 90 percent of its historic range due to habitat destruction related to dams and other factors. The rough hornsnail is threatened by habitat loss, dams, point and no-point source pollution, climate change, limited water quantity, and impaired water quality. The rough hornsnail is currently known to occur at only two locations: Lower Yellowleaf Creek in Shelby County, Alabama; and the Lower Coosa River below Wetumpka Shoals in Elmore County, Alabama.

25. The rough hornsnail was first recognized as a candidate for protection under the ESA in 1991. On June 29th, 2009, the Service proposed listing the rough hornsnail as endangered under the ESA. 74 Fed. Reg. 31113 (June 29, 2009). The Service also proposed designation 17 river miles (27.4km) of critical habitat for the rough hornsnail. *Id.* On February 10, 2010 the Service issued the Draft Economic Analysis for the listing of the rough hornsnail and re-opened the public comment period on the proposed rule, but did not notice that the one year deadline for publication of the final rule was being extended on the basis of substantial scientific disagreement. 75 Fed. Reg. 6613 (February 10, 2010). The Secretary has failed to

promulgate the final rule within one year of publication of the proposed listing, and is therefore in violation of the ESA.

26.     By letter dated July 2, 2010, the Center notified the Secretary that he had violated Section 4 of the ESA, 16 U.S.C. §§ 1533(b)(6)(A)(i), by failing to publish a final listing rule within one year of publication of the proposed rule listing of the rough hornsnail as endangered, as required by the ESA.  To date, the Secretary has yet to publish the final rule.

## VI. CLAIMS FOR RELIEF

**First Claim for Relief:     Failure to Timely Publish a Final Listing Rule Listing for the Georgia Pigtoe Mussel**

27.     The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

28.     The Secretary's failure to publish a final listing rule within one year of the proposed rule listing the Georgia pigtoe mussel as endangered under the ESA violates the ESA. 16 U.S.C. §§ 1533(b)(6)(A)(i) and 1540(g).  The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).  Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

**Second Claim for Relief:     Failure to Timely Publish a Final Listing Rule for the Interrupted Rocksnail**

29.     The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

30.  The Secretary's failure to publish a final listing rule within one year of the proposed rule listing the interrupted rocksnail as endangered under the ESA violates the ESA. 16 U.S.C. §§ 1533(b)(6)(A)(i) and 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### Third Claim for Relief:   Failure to Timely Publish a Final Listing Rule Listing for the Rough Hornsnail

31.  The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

32.  The Secretary's failure to publish a final listing rule within one year of the proposed rule listing the rough hornsnail as endangered under the ESA violates the ESA. 16 U.S.C. §§ 1533(b)(6)(A)(i) and 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment providing the following relief:

1. Declare that Defendants are in violation of the ESA and/or the APA for failing to timely promulgate a final listing rule for the Georgia pigtoe mussel;

2. Provide preliminary and permanent injunctive relief compelling Defendants to publish a final rule for the Georgia pigtoe mussel in the Federal Register by a date certain.

3. Declare that Defendants are in violation of the ESA and/or the APA for failing to timely publish a final listing rule for the interrupted rocksnail;

4. Provide preliminary and permanent injunctive relief compelling Defendants to publish a final listing rule for the interrupted rocksnail in the Federal Register by a date certain.

5. Declare that Defendants are in violation of the ESA and/or the APA for failing to timely publish a final listing rule for the rough hornsnail;

6. Provide preliminary and permanent injunctive relief compelling Defendants to publish a final rule on the rough hornsnail in the Federal Register by a date certain.

7. Award the Center its costs of litigation, including reasonable attorney's fees; and

8. Grant the Center such other relief as the Court deems just and proper.

Dated: September 13, 2010.

Respectfully submitted,

/s/ William J. Snape, III

William J. Snape, III (DC Bar # 455266)
CENTER FOR BIOLOGICAL DIVERSITY
5268 Watson Street, NW
Washington, DC 20016
Ph: 202-536-9351
Fax: 415-436-9683
bsnape@biologicaldiversity.org